Per Curiam.
 

 Bayard,
 
 Chief Justice.
 

 The question is, whether this judgment has been paid? The defendant may pay himself, or any one may pay in his behalf by his consent given either before or after. To make a payment there must be an intention to pay and to receive payment. Sheriff Herdman having sold the lands of Jaquett,’bound by the judgment of Grantham, paid a part of the proceeds in satis-' faction of that judgment. What was the effect of that payment? Did it satisfy and discharge the judgment against Grantham or not? Mr. Herdman certainly did not intend to pay this debt for the benefit of the heirs of Grantham. As sheriff he applied certain funds in his hands, belonging to Grantham's heirs, in satisfaction of the judgment. But this ho could not do. It was, therefore, no payment by or in behalf of the heirs of Grantham. Was it a payment by Herd-man in his own behalf? This could not be without the intention so to pay; and the effect of such a payment would not be to discharge the judgment as against the defendants; the judgment, therefore, not being discharged, it was competent for the bank to assign it to Herd-j man, as to a purchaser. The cases put illustrate our view of this case. If a sheriff having two writs of fi. fa. both levied on the defendant’s property, sells to an amount sufficient to cover the
 
 first
 
 writ, and applies the money to the
 
 second;
 
 he is liable to the first execution creditor for the misapplication of the money; he cannot recover it back from the plaintiff in the second execution, as money [paid under
 
 mistake of the. law;
 
 and he cannot recover it again from [the defendant, because the payment
 
 satisfies
 
 the second execution and
 
 Tthe judgment
 
 on which it issued, and no assignment of that judgment 30uld authorize him to issue an alias execution upon it. The sheriff liad a right to sell on that execution; his application of the money to [t, whether right or wrong, had the effect to pay off and satisfy the pecond execution and judgment in law, as his return to the writ rould be a satisfaction of the judgment
 
 in fact.
 
 In this case the Iheriff could not by any application of the money arising out of the Jale of Jaquett’s land, legally satisfy and discharge the judgment Ivhich Grantham owed to the bank. He had no power or authority Js sheriff to sell the land so as to discharge it from the lien of that Judgment. The judgment remained and the lien existed still. If
 
 *292
 
 then his subsequent payment of the money to the bank is to be regarded as a payment and discharge of the judgment, it must be on the idea of a personal payment by Herdman in
 
 behalf of the defendants,
 
 and not as an official application of funds in his hands as sheriff. But the case before us excludes this supposition. The same distinction answers the last case put. The sheriff may apply the proceeds to the recognizance and thereby
 
 discharge
 
 it; and if he does misapply it he can have no remedy
 
 through the recognizance.
 

 Gray
 
 and
 
 Rogers, jr.,
 
 for plaintiff.
 

 Rodney,
 
 for defendant.